# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| MACK TRANSOU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-010-PLR-DCP |
| | ) | |
| GEORGIA CROWELL, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner, a prisoner of the Tennessee Department of Correction, filed a petition for a writ of habeas corpus challenging the calculation of his pretrial jail credits for a 1999 habitual motor vehicle offender ("HMVO") criminal conviction against him in the Madison County Criminal Court and seeking a new trial for "unrelated convictions" with the United States District Court for the Western District of Tennessee ("Western District"), who then transferred the petition to this Court because it interpreted the petition to set forth claims relating to the execution of Petitioner's sentence which fell under § 2241, rather than § 2254 [Doc. 1 p. 1; Doc. 1-1; Doc. 9]. Now before the Court is Respondent's motion to dismiss and to transfer the petition in which she requests that the Court dismiss Petitioner's request for habeas corpus relief arising out of his HMVO conviction for lack of jurisdiction and transfer the remainder of the petition to the United States Court of Appeals for the Sixth Circuit as second or successive [Doc. 17]. Petitioner has not responded to this motion, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. As such, Petitioner waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2.

For the reasons set forth below, Respondent's motion to dismiss the petition to the extent it seeks habeas corpus relief based upon the miscalculation of Petitioner's pretrial jail credits for his HMVO conviction [Doc. 17] will be **GRANTED** and the remainder of this action will be **TRANSFERRED** back to the Western District of Tennessee.

## I. AMENDED PETITION

First, while Petitioner did not file a response to Respondent's motion to dismiss, Petitioner did file an amended petition [Doc. 21] more than twenty-one days after Respondent filed her motion to dismiss. However, as it is apparent from the fact that Respondent filed a response in opposition to this petition [Doc. 22] that she did not consent to Petitioner filing an amended petition, Petitioner was required to seek leave of the Court prior to filing this amended petition under Rule 15(a)(2) of the Federal Rules of Civil Procedure. Regardless, as the amended petition presents Petitioner's claims in a more concise and clear manner and "[t]he court should freely give leave [to amend pleadings] when justice so requires," *id.*, the Court will **GRANT** Petitioner leave to amend his petition such that his amended petition [Doc. 21] is the operative petition in this case.

In his amended petition, Petitioner seeks habeas corpus relief based on his allegation that counsel for the State of Tennessee falsified the sentencing records for his HMVO conviction in a manner that resulted in Petitioner being illegally detained for two hundred and thirty-two days and submitting his DNA [Doc. 21 p. 1–4]. As relief, Petitioner requests that the DNA evidence against him and his resulting convictions for four charges be "dropped," his record expunged, and that the State of Tennessee not be allowed to further prosecute him for these charges [*Id.* at 4].

In other words, Petitioner alleges that due to the miscalculation of his pretrial jail credits, he was taken into custody for his HMVO conviction after his community corrections sentence was revoked, when he should, in fact, not have been subject to any further punishment for that

conviction. Once in custody, Petitioner submitted to a blood draw, which police then used to match his DNA to other unsolved cases. Petitioner therefore asserts that the resulting convictions are invalid because they were obtained due to the miscalculation of his HMVO sentence, an argument that Petitioner has exhaustively litigated under various theories for many years [Doc. 17 p. 2–5 (citing Petitioner's numerous state and federal court cases in which he has attempted to invalidate the convictions that resulted from his DNA submission)].

## II. MOTION TO DISMISS

### A. HMVO Conviction

In her motion to dismiss, Respondent first asserts that as Petitioner is no longer in custody for his HMVO conviction, the Court does not have subject matter jurisdiction over any claims for habeas corpus relief based on this conviction [Doc. 17 p. 8–9].

Federal courts only have jurisdiction to entertain petitions for habeas corpus relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The Supreme Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Lackawanna County,* 532 U.S. 394, 403 (2001) (holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because defendant did so unsuccessfully)," the prisoner cannot collaterally attack that prior conviction in a federal petition for a writ of habeas corpus).

It is undisputed that Petitioner's HMVO sentence expired in 2000 [Doc. 1-1 p. 4; Doc. 1-6 p. 1; Doc. 1-7 p. 1], long before he filed his petition in this action on December 5, 2018 [Doc. 1-

3

1 p. 11]. Further, nothing in the record suggests that the Court may review this conviction under any exceptions to this jurisdictional rule. *Abdus-Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005) (holding that a federal court may review a state conviction with a fully expired sentence where the petitioner did not have counsel for that conviction, where a state court refuses to rule on a properly-presented constitutional claim without justification, or where the petitioner has subsequently obtained compelling evidence demonstrating his actual innocence).

Thus, the Court lacks subject matter jurisdiction over Petitioner's claims for habeas corpus relief arising out of the miscalculation of pretrial jail credits in his sentence for his HMVO conviction and those claims will be **DISMISSED**.

### B. REMAINING CLAIMS

Respondent also asserts that the Court should transfer Petitioner's requests for habeas corpus relief arising out of his subsequent convictions based upon the alleged improper calculation of his HMVO sentence and his resulting DNA submission to the United States Court of Appeals for the Sixth Circuit as a second or successive petition, as Petitioner previously filed a § 2254 petition regarding these convictions that the Western District denied on the merits. [Doc. 17 p. 9–10[1]]; *Transou v. Brandon*, No. 06-1245, Doc. 37 (W.D. Tenn. March 17, 2008). The Sixth Circuit denied Petitioner a certificate of appealability in that case, *Transou v. Brandon*, No. 08-5358, Doc. 26-1 (6th Cir. Oct. 1, 2008), and denied Petitioner's later request to file a second or successive petition regarding these convictions. *In re: Transou*, No. 15-5475, Doc. 11 (6th Cir. Nov. 24,

---

[1] Respondent also notes that the United States District Court for the Middle District of Tennessee severed Petitioner's HMVO pretrial jail credits claim in this petition, construed this claim as filed under § 2241, dismissed it without prejudice for failure to exhaust state court remedies, and later denied Petitioner's motion to reopen, and that the Sixth Circuit declined to issue Petitioner a certificate of appealability or allow Petitioner to file a second or successive petition in that severed case. *Transou v. Brandon*, 1:06-CV-090 [Docs. 1 p. 2, 3, 14, 21, and 27] (M.D. Tenn. Nov. 13, 2006).

2015). While Respondent only filed documents relating to Petitioner's HMVO conviction in the state court record she filed in this action [Doc. 16], it appears from the amended petition [Doc. 21] and the record from Petitioner's previous § 2254 petition, *Transou v. Brandon*, No. 06-1245, Doc. 24 (W.D. Tenn. March 17, 2008), that Petitioner seeks to attack the same convictions in this action that he attacked in his previous § 2254 action.[2]

However, any remaining claims for habeas corpus relief challenging Petitioner's convictions that resulted from his DNA submission and his current custody would fall under § 2254, rather than § 2241 and that both the Eastern and Western Districts of Tennessee may be proper venues for the remaining claims.[3] Specifically, it is apparent that Petitioner is currently in custody for a state court judgment against him, rather than as a pretrial detainee, and his remaining claims for habeas corpus relief attack the imposition of the sentences for his convictions that resulted from his submission of his DNA, rather than the execution of his sentences. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (holding that "§ 2254 is the 'exclusive vehicle' of habeas

---

[2] Petitioner lists four case numbers as "unrelated convictions" for which he seeks habeas corpus relief in his amended petition [Doc. 21 p. 4]. In its 2008 opinion denying Petitioner habeas corpus relief under § 2254 for his state court convictions, the Western District quoted the Tennessee Court of Criminal Appeals' opinion that lists only two of the four case numbers that Petitioner identifies in his amended petition. *Transou v. Brandon*, No. 06-1245, Doc. 37 p. 2–3 (W.D. Tenn. March 17, 2008). As at least one the state court record document filed in that § 2254 case lists all four of the case numbers Petitioner lists in his amended petition [*Id.* at Doc. 24-2 p. 4], however, it appears that Petitioner seeks to attack the same convictions in this action that he attacked in his previous § 2254 petition.

[3] Under 28 U.S.C. § 2241(d), a petitioner may file a § 2254 habeas corpus petition in the district where his judgment was entered or in the district where he is incarcerated. Petitioner is presently confined in the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, and Petitioner's underlying judgments of conviction were entered by a state court in Madison County, Tennessee. NECX is located in Johnson County, Tennessee, which is in the Eastern District of Tennessee. *See* 28 U.S.C. § 123(a)(2). Madison County, the situs of Petitioner's convictions for which he is in custody, lies within the Eastern Division of the Western District of Tennessee, however. *See* 28 U.S.C. § 123(c)(1).

relief for prisoners in custody under a state judgment"); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (holding that "all petitions seeking relief from state court convictions" fall under § 2254); *Kellogg v. Snyder*, 48 Fed. App'x 114, 115 (6th Cir. 2002) (holding that where a prisoner challenges the imposition of his sentence, he must file his habeas corpus petition under § 2255, rather than § 2241).

A petitioner's place of confinement may change, however, while the district of his conviction will remain constant. Accordingly, the consistent practice in the Tennessee federal courts is to transfer § 2254 habeas petitions to the district in which the convicting court is located.

As such, the Court must determine whether to transfer the remainder of the petition back to the Western District, or to the Sixth Circuit as second or successive. While, as set forth above, it appears from the amended petition in this case and the record in Petitioner's previous § 2254 case that Petitioner seeks to attack the same convictions in this action that he previously attacked in his Western District §2254 petition, the Court finds that the Western District is in the best position to make this determination and to transfer the remaining habeas corpus claims to the Sixth Circuit as second or successive, if appropriate, as it denied Petitioner's previous § 2254 on the merits. Accordingly, the Court will **DIRECT** the Clerk to transfer the remainder of the petition back to the Western District.

### III. CONCLUSION

For the reasons set forth above, the Court will **GRANT** Petitioner leave to amend his petition such that his amended petition [Doc. 21] is the operative petition in this case. Also, Respondent's motion to dismiss and to transfer the petition [Doc. 17] will be **GRANTED in part** to the extent that Petitioner's claims for habeas corpus relief arising out of his HMVO conviction

6

will be **DISMISSED** for lack of subject matter jurisdiction and the Clerk will be **DIRECTED** to transfer the remainder of this action back to the Western District.

IV.     CERTIFICATE OF APPEALABILITY

Thus, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects a habeas corpus petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001) (applying the COA requirement to § 2241 petition). As reasonable jurors would not debate the Court's procedural ruling that it does not have subject matter jurisdiction over the habeas petition to the extent that it attacks Petitioner's HMVO conviction, a COA will not issue. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_/s/ Pamela L. Reeves_
**CHIEF UNITED STATES DISTRICT JUDGE**

7